UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAR 15 2006
CLERK, U.S. DISTRICT COURT
By _____
Deputy

---------------------------------------------------X
CBS BROADCASTING, INC., COLUMBIA
PICTURES INDUSTRIES, INC., DISNEY
ENTERPRISES, INC., TWENTIETH CENTURY
FOX FILM CORPORATION, and WARNER BROS.
ENTERTAINMENT INC.,

                Plaintiffs,

  v.

DOES 1 - 10

                Defendants.
---------------------------------------------------X

No. 3:06-CV-338-R
(Judge Buchmeyer)

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF EXPEDITED MOTION FOR IMMEDIATE DISCOVERY TO PRESERVE EVIDENCE OF COPYRIGHT INFRINGEMENT

By this motion, Plaintiffs seek leave to take early discovery for the purpose of preserving evidence of copyright infringement currently located on servers in possession of the Internet Service Provider ("ISP") ThePlanet.com ("ThePlanet"). The unknown Defendants "Does 1-10" are responsible for massive theft of Plaintiffs' motion pictures and television programs over the Internet by operation of the website www.binnews.com. That website is hosted by ThePlanet. ThePlanet has informed Plaintiffs' counsel that the operators have canceled their account as of April 1. At that time, Defendants may move operation of the website causing the widespread infringement to another server, and may destroy some of the evidence in the process. Plaintiffs thus request limited discovery for the purpose of issuing a subpoena to ThePlanet to preserve evidence in its possession, custody and/or control related to Defendants' operation of the server and website associated with www.binnews.com.



## BACKGROUND

Defendants' website, www.binnews.com, indexes files – in this case files corresponding to movies and television programs – that are available for download on the "Usenet" network. By clicking on the file name, the movie or television program is automatically copied to a user's computer. That newly copied movie or television program is a perfect digital copy – ready to be viewed, burned to portable media like DVDs, and/or copied by and distributed to another user. As alleged in Plaintiffs' Complaint, the websites offer access to hundreds of Plaintiffs' copyrighted movies and television shows without authorization, including titles such as "CSI," "Catwoman," and "The Dukes of Hazzard." Complaint Exhibit A.

Plaintiffs do not know the names of the website operators, who do not use their real names when operating the website. For that reason, Plaintiffs filed, and the Court granted, a Motion for Leave to Take Immediate Discovery to Learn the Identity of Doe Defendants. On March 9, 2006, Plaintiffs served a subpoena on ThePlanet seeking limited information about the true identities of the website operators, and on March 10, 2006, Plaintiffs served a similar subpoena on PayPal, Inc. an entity with a business relationship with the website. PayPal's response to the subpoena is due March 27, 2006.[1]

Representatives of ThePlanet have informed Plaintiffs' counsel that an operator of the www.binnews.com website has notified ThePlanet that the account will be canceled as of April 1. At that time, the operator(s) may move operation of the website to another server, and may destroy some or all of the evidence of infringement in the process. Representatives of ThePlanet

---

[1] On the eve of filing this motion, ThePlanet supplied Plaintiffs with information responsive to the subpoena, but Plaintiffs have not yet been able to verify that the information discloses the proper Defendant to be named in the lawsuit, and a real risk exists that the evidence sought to be preserved by this motion may be destroyed.

have indicated to Plaintiffs' counsel that upon receipt of a subpoena, it will take steps necessary to preserve any evidence in its possession, custody, and/or control related to Defendants' operation of the server and website associated with www.binnews.com.

## ARGUMENT

Plaintiffs respectfully ask that the Court consider on an expedited basis and grant Plaintiffs' motion for limited discovery designed to preserve critical evidence in this case. Plaintiffs have shown good cause for such limited relief because the evidence might otherwise be lost or destroyed when Defendants cease operation of the website on the servers.

Plaintiffs have met their burden of showing "good cause" for this limited discovery in advance of a Rule 26(f) conference. *See Semitool, Inc. v. Tokyo Electron Am., Inc.,* 208 F.R.D. 273, 275-76 (N.D. Cal. 2002); *Qwest Comm. Int'l, Inc. v. WorldQuest Networks, Inc.,* 213 F.R.D. 481, 419 (D. Colo. 2003). First, good cause exists where, as here, the complaint alleges claims of copyright infringement. *See Semitool,* 208 F.R.D. at 276; *Qwest Comm.,* 213 F.R.D. at 419 ("The good cause standard may be satisfied . . . where the moving party has asserted claims of infringement and unfair competition."). This makes sense because such claims necessarily involve irreparable harm to the plaintiffs. 4 Melville B. Nimmer & David Nimmer, *Nimmer On Copyright* § 14.06[A], at 14-103 (2003); *see also Health Ins. Ass'n of Am. v. Novelli,* 211 F. Supp. 2d 23, 28 (D.D.C. 2002) ("A copyright holder [is] presumed to suffer irreparable harm as a matter of law when his right to the exclusive use of copyrighted material is invaded.") (quotations and citations omitted).

Second, good cause exists here because there is a serious risk the information that Plaintiffs seek will be destroyed. Once Defendants cease operation of the website on ThePlanet's servers, evidence related to the operation of the website may be destroyed either

3

intentionally or unintentionally. Where "physical evidence may be consumed or destroyed with the passage of time, thereby disadvantaging one or more parties to the litigation," good cause for expedited discovery exists. *Qwest Comm.*, 213 F.R.D. at 419; *see Pod-Ners, LLC v. Northern Feed & Bean*, 204 F.R.D. 675, 676 (D. Conn. 2002) (allowing Plaintiff expedited discovery to inspect beans in defendant's possession because the beans might no longer be available for inspection if discovery proceeded in the normal course).

Third, good cause exists because the narrowly tailored discovery requests do not exceed the minimum information required to advance this lawsuit and will not prejudice Defendants. *See Semitool*, 208 F.R.D. at 276 ("Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party."). Plaintiffs are seeking merely to preserve the limited amount of evidence that will otherwise be destroyed once the customer(s) terminate their relationship with ThePlanet – evidence that the Defendants have a duty to preserve in light of this litigation. Thus, Plaintiffs, who continue to be harmed by Defendants' ongoing copyright infringement, cannot wait until after the Rule 26(f) conference to promulgate the discovery requested herein. Indeed such a conference, ordinarily a prerequisite to propounding discovery, would be fruitless since at this time there are no known Defendants with whom to confer.

Finally, this request is no more burdensome than necessary to achieve the limited goal of preserving the evidence in question. ThePlanet has in fact indicated that it is willing to preserve the evidence in their possession, custody, and/or control upon receipt of a subpoena.

## CONCLUSION

The Plaintiffs' Motion for Immediate Discovery to Preserve Evidence of Copyright Infringement should be granted.

Respectfully submitted,

*Kristen G. Schulz* by permission
Kristen G. Schulz
Texas State Bar No. 00796607 *William R. Stoughton*
JENNER & BLOCK LLP    WILLIAM R. STOUGHTON
1717 Main Street, Suite 3150    BAR No. 00788781
Dallas, TX 75201-4647
Phone: (214) 746-5700
Fax:   (214) 746-5757

Katherine A. Fallow (*pro hac vice* filed)
Duane C. Pozza (*pro hac vice* filed)
JENNER & BLOCK LLP
601 Thirteenth Street, N.W.
Suite 1200 South
Washington, D.C. 20005
Phone: (202) 639-6000
Fax:   (202) 639-6066

*Attorneys for Plaintiffs*

Dated: March 15, 2006

5

## CERTIFICATE OF SERVICE

The undersigned certifies that Plaintiffs have not yet verified the incomplete information they have received about the true identities of the Defendants, who operate their website and server anonymously, and thus there are not yet any named Defendants upon whom to serve the foregoing Motion and Supporting Memorandum.

/William R. Stoughton