UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

-----------------------------------------------------------------X

CBS BROADCASTING, INC., COLUMBIA
PICTURES INDUSTRIES, INC., DISNEY
ENTERPRISES, INC., TWENTIETH CENTURY
FOX FILM CORPORATION, and WARNER BROS.
ENTERTAINMENT INC.,

                 Plaintiffs,                           No. 3:06-CV-338-R

                v.

JOSEPH MORGANELLI, BINNEWS, LLC, and
DOES 1-8,

                 Defendants.
-----------------------------------------------------------------X

**STIPULATION AND [PROPOSED]**
**CONSENT JUDGMENT AND PERMANENT INJUNCTION**

Plaintiffs CBS Broadcasting, Inc., Columbia Pictures Industries, Inc., Disney Enterprises, Inc., Twentieth Century Fox Film Corporation, and Warner Bros. Entertainment Inc. (collectively, "Plaintiffs"), and Defendants Joseph Morganelli and Binnews, LLC (collectively, "Defendants"), hereby stipulate and move that this Court should enter a Judgment and Permanent Injunction in favor of Plaintiffs and against Defendants, as follows:

1.     Defendants shall pay damages to Plaintiffs in the amount of Fifteen Million U.S. Dollars (US$15,000,000).

2.     Defendants, and their officers, agents, servants, employees, and all those acting in concert or participation with Defendants:

1

Binnews Consent Judgment
Execution Version

(a)     shall be immediately and permanently enjoined from directly, indirectly,

contributorily, or vicariously infringing in any manner any copyright in

any and all motion pictures, television programs or other copyrighted

works (or portions thereof), whether now in existence or later created, in

which any Plaintiff or any member of the Motion Picture Association of

America (including without limitation NBC Universal and Paramount

Pictures), or any of their parents, subsidiaries or affiliates, owns or

controls an exclusive right under Section 106 of the United States

Copyright Act, 17 U.S.C. § 106 ("Copyrighted Works"), including but not

limited to, engaging in any of the following without appropriate written

authority or license from the appropriate copyright holder:

(i)     copying, reproducing, downloading, distributing, uploading,

linking to, indexing, transmitting, or publicly performing any of

the Copyrighted Works; and

(ii)    enabling, facilitating, permitting, assisting, soliciting, encouraging,

or inducing any person or entity ("User"), to use the "Binnews"

website and related servers and technology that index and facilitate

the download of content on the Usenet network (collectively, the

"Binnews System"), or any other Usenet system, (A) to locate,

copy, reproduce, download, distribute, upload, link to, transmit, or

publicly perform any of the Copyrighted Works, or (B) to make

any of the Copyrighted Works available for copying, reproduction,

2

downloading, distributing, uploading, linking to, transmitting, or

public performance; and

(b)     shall not, directly or indirectly, operate or assist in the operation of any

computer server, website, network, system, or other medium, or distribute

or support any software, that enables, facilitates, permits, assists, solicits,

encourages, or induces the copying, reproduction, downloading,

distributing, uploading, linking to, indexing, transmitting, or public

performance of any of the Copyrighted Works; and

(c)     shall disable and prevent Users of any website, server, hardware, software,

or any other system or service owned, controlled, operated, or distributed

by Defendants, directly or indirectly, presently or in the future, including

without limitation the Binnews System, from copying, reproducing,

downloading, distributing, uploading, linking to, transmitting, or publicly

performing any of the Copyrighted Works; and

(d)     shall cease and desist from indexing or otherwise providing identification

of or access to Copyrighted Works available on Usenet in any form,

including without limitation by ceasing to provide to Users lists in any

form of Usenet messages corresponding to Copyrighted Works, and by

ceasing to provide to users .NZB, .BNS, .ZML, or similar types of files

corresponding to Copyrighted Works or to Usenet messages

corresponding to Copyrighted Works; and

(e)   if necessary to be in complete and strict compliance with any provision herein, shall cease to operate the Binnews System (or any other server, website, network, or medium), including without limitation by shutting down any and all servers and websites that are used in connection with the Binnews System (or such other server, website, network, or medium), and by blocking all user access to the Binnews System (or such other server, website, network, or medium).

3.   This injunction shall not apply to any Copyrighted Works for which Defendants have obtained appropriate written authority or license from the copyright holder that owns or controls the rights to such work, to the extent such license remains in force and valid.

4.   Defendants shall not publicly release, distribute or give away, for consideration or otherwise, any software, hardware, source code, object code, other technology, domain names, trademarks, brands, or goodwill in any way related to the Binnews System, including without limitation, by posting such materials on an Internet web page or by offering such materials over any peer-to-peer or file-trading network or other medium.  Nothing in this provision shall prohibit Defendants from entering into a private commercial transaction to transfer such materials, *provided* that any such transfer complies with the provisions of paragraph 5 below.

5.   If Defendants sell, lease, convey, transfer, or assign any part of the software, hardware, source code, object code, other technology, domain names, trademarks,

4

brands, or goodwill in any way used in the operation of the Binnews System, they

will require, as a condition of any such transaction, that the purchaser, lessee,

transferee, or assignee (a) submit to the Court's jurisdiction and venue, (b) agree

to be bound by the terms herein, and (c) apply to the Court for an order adding

them as a party to the permanent injunction entered by the Court against

Defendants.  The Defendants will not allow any such transaction to close unless

and until the Court has entered such an order.

6.      Defendants irrevocably and fully waive notice of entry of the Judgment and

Permanent Injunction, and notice and service of the entered Judgment and

Permanent Injunction, and understand and agree that violation of the Judgment

and Permanent Injunction will expose Defendants jointly and severally to all

penalties provided by law, including for contempt of Court.

7.      Defendants irrevocably and fully waive any and all right to appeal the Judgment

and Permanent Injunction, to have it vacated or set aside, to seek or obtain a new

trial thereon, or otherwise to attack in any way, directly or collaterally, its validity

or enforceability.

8.      Defendants consent to continuing jurisdiction of the Court for purposes of

enforcement of the Judgment and Permanent Injunction, and irrevocably and fully

waives and relinquishes any argument that venue or jurisdiction by this Court is

improper or inconvenient.

9.      Nothing contained in the Judgment and Permanent Injunction shall limit the right

of Plaintiffs to recover damages for any and all infringements by Defendants of

Plaintiffs' Copyrighted Works occurring after the date Defendants execute this

stipulation for entry of Judgment and Permanent Injunction.

10.     Defendants acknowledge that they have read this Judgment and Permanent

Injunction, have had it explained by counsel of Defendants' choosing, or have had

the opportunity to do so, and fully understand it and agree to be bound thereby.

AGREED:

April 17, 2007


_____/s Katherine A. Fallow_____                    ___/s_____
Bradley A. Areheart                                     Charles S. Baker
Texas State Bar No. 24050232                            Texas State Bar No. 01566200
JENNER & BLOCK LLP                                      PORTER & HEDGES LLP
1717 Main Street, Suite 3150                            1000 Main Street
Dallas, TX 75201-4647                                   36th Floor
Phone: (214) 746-5700                                   Houston, TX  77002
Fax:    (214) 746-5757                                  Phone:  (713) 226-6676
bareheart@jenner.com                                    Fax:  (713) 226-6276
                                                        cbaker@porterhedges.com

Katherine A. Fallow (*pro hac vice*)
Duane C. Pozza (*pro hac vice*)                         *On behalf of Defendants*
JENNER & BLOCK LLP
601 Thirteenth Street, N.W.
Suite 1200 South
Washington, D.C.  20005
Phone:  (202) 639-6000
Fax:     (202) 639-6066
kfallow@jenner.com
dpozza@jenner.com


*On behalf of Plaintiffs*


6

Plaintiffs' Copyrighted Works occurring after the date Defendants execute this

stipulation for entry of Judgment and Permanent Injunction.

10.   Defendants acknowledge that they have read this Judgment and Permanent

Injunction, have had it explained by counsel of Defendants' choosing, or have had

the opportunity to do so, and fully understand it and agree to be bound thereby.

AGREED:

April 17
March ____, 2007

_____
Bradley A. Areheart
Texas State Bar No. 24050232
JENNER & BLOCK LLP
1717 Main Street, Suite 3150
Dallas, TX 75201-4647
Phone: (214) 746-5700
Fax:   (214) 746-5757
bareheart@jenner.com

Katherine A. Fallow (*pro hac vice*)
Duane C. Pozza (*pro hac vice*)
JENNER & BLOCK LLP
601 Thirteenth Street, N.W.
Suite 1200 South
Washington, D.C.  20005
Phone:  (202) 639-6000
Fax:    (202) 639-6066
kfallow@jenner.com
dpozza@jenner.com

*On behalf of Plaintiffs*

_____
Charles S. Baker
Texas State Bar No. 01566200
PORTER & HEDGES LLP
1000 Main Street
36th Floor
Houston, TX  77002
Phone:  (713) 226-6676
Fax:  (713) 226-6276
cbaker@porterhedges.com

*On behalf of Defendants*

6